```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA            :     INFORMATION
                                    :
          -v.-                      :
                                    :
BAHRAM MAGHAZEHE,                   :
     a/k/a "Benjamin Maghazehe,"    :
     a/k/a "Ben Maghazehe,"         :     08 Cr.
                                    :
               Defendant.           :
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 14 2008

08 CRIM 427

COUNT ONE

The United States Attorney charges:

1.  From in or about June 2003 to the Summer of 2007, in the Southern District of New York and elsewhere, BAHRAM MAGHAZEHE, a/k/a "Benjamin Maghazehe," a/k/a "Ben Maghazehe," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 1001.

2.  It was a part and an object of the conspiracy that BAHRAM MAGHAZEHE, a/k/a "Benjamin Maghazehe," a/k/a "Ben Maghazehe," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, would and did, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, the United States Department of Commerce and the United States Department of Homeland Security, make materially false, fictitious, and fraudulent statements and representations, to wit, MAGHAZEHE and his co-conspirators caused

false and fraudulent statements to be made on bills of lading and Shippers Export Declaration Forms ("SEDs") for shipments of medical equipment from the United States to Iran, concerning, *inter alia*: (1) the ultimate consignee of the shipments; and (2) the ultimate country of destination of the shipments, in violation of Title 18, United States Code, Section 1001.

**Overt Acts**

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. On or about June 7, 2007, BAHRAM MAGHAZEHE, a/k/a "Benjamin Maghazehe," a/k/a "Ben Maghazehe," the defendant, met with an individual (the "Individual") at the Individuals's place of business in Yonkers, New York, to discuss shipping X-ray and medical equipment to Iran.

   b. On or about June 16, 2007, a co-conspirator not named as a defendant herein ("CC-1") e-mailed MAGHAZEHE the name and address of a consignee, purportedly located in Dubai, United Arab Emirates (the "Dubai Consignee"), that could be used in order to export this equipment from the United States to Iran.

   c. On or about June 18, 2007, MAGHAZEHE provided the name and address of the Dubai Consignee to the Individual.

   d. On or about July 23, 2007, the Individual's freight forwarder completed an SED for this shipment, listing the Dubai Consignee as the Ultimate Consignee for the shipment, and listing the United Arab Emirates as the Ultimate Country of

2

Destination.

(Title 18, United States Code, Section 371.)

FORFEITURE ALLEGATION

4. As a result of committing the fraud and export conspiracy charged in Count 1, BAHRAM MAGHAZEHE, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to the following:

    a. medical equipment seized on or about July 31, 2007 at the Port of Newark, in container POCU0473134.

Substitute Asset Provision

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981 and
Title 28, United States Code, Section 2461)

*Michael J. Garcia*
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

- v -

BAHRAM MAGHAZEHE,
a/k/a "Benjamin Maghazehe,"
a/k/a "Ben Maghazehe,"

Defendant.

---

<u>Information</u>

08 Cr.

(Title 18, United States Code,
Section 371)

<u>Michael J. Garcia</u>
United States Attorney.

---

*Handwritten annotation:*

5/14/08 Filed Information & Waiver of Indictment. Deft. pres. w/attys Samantha Evans & Patrick Egan & AUSA Christopher Lavigne. Courtreporter pres. Deft. filed consent to proceed before Mag. Judge. Deft. pleads guilty as charged. PSI ordered. Sentence to be set by [District Judge].

s/Mag. Judge Katz